(C.D. 3063)

Midland International Corporation et al. *v.* United States

United States Customs Court, Second Division

(Decided July 20, 1967)

*Frederick W. Hess* for the plaintiffs.
*Carl Eardley*, Acting Assistant Attorney General, for the defendant.

Before Rao and Ford, Judges

Rao, Chief Judge: The merchandise covered by the protests enumerated in schedule A, annexed to this decision and made a part hereof, consists of plastic tape which was classified by similitude to manufacturers of cotton, not specially provided for, pursuant to the pro-

visions of paragraph 1559(a) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1954, 68 Stat. 1137 (19 U.S.C. § 1001, paragraph 1559(a)) and of paragraph 923 of said act, as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865, supplemented by Presidential notification, 90 Treas. Dec. 280, T.D. 53877, and assessed with duty at the rate of 20 per centum ad valorem.

It is claimed in said protests that said merchandise should have been properly classified by similitude to insulating materials, composed wholly or in chief value of rubber, pursuant to the provisions of said paragraph 1559(a) of said act, as amended by the Customs Simplification Act, *supra*, and of paragraph 1537(b) of said act, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, which are dutiable at the rate of 12½ per centum ad valorem.

These protests have been submitted for decision upon a written stipulation of counsel for the respective parties hereto which reads as follows:

It is hereby stipulated and agreed by and between counsel for the Plaintiff and the Assistant Attorney General, attorney for the United States, that the merchandise: Plastic Tape, covered by the Protests enumerated in Schedule A, attached, and represented by the items marked "A" and checked by Lowell J. Pfenning assessed with duty at the rate of 20% ad valorem under par. 1559/923, Tariff Act of 1930, is the same in all material respects as the merchandise passed upon in the case of DEVON TAPE CORP. v. UNITED STATES, C.D. 2856, and therein held dutiable at the rate of 12½% under par. 1559/1537(b), Tariff Act of 1930.

It is further stipulated that the Protests are limited to the plastic tapes indicated by the examiner by means of a symbol letter and his initials, there being no [sic] contained in said protests as to any other merchandise; and that the record in C.D. 2856 may be incorporated in and made a part of the record herein.

Plaintiff waives the right to further amendment of these Protests.

It is further stipulated that the Protests are deemed submitted on this stipulation.

The record in said case has been received in evidence herein.

Upon the agreed statement of facts and the cited authority, we hold the merchandise here in question, identified by invoice items marked and checked as aforesaid, to be dutiable at the rate of 12½ per centum ad valorem, by similitude to insulating materials, composed wholly or in chief value of rubber, as provided in said paragraph 1559(a), as amended by the Customs Simplification Act, *supra*, and of paragraph 1537(b) of said act, as modified by the sixth

protocol, *supra*. The claim in the protests to that effect is sustained. All other claims are, however, overruled.

Judgment will be entered accordingly.